UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RONALD POLING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:07-CV-00129 JVB |
| ) | |
| WALTER MARTIN, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Petitioner Ronald Poling, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. According to the amended petition and its attachments (DE 4), a correctional officer wrote a conduct report accusing the petitioner of disorderly conduct. On February 9, 2007, a Disciplinary Hearing Board ("DHB") found the petitioner guilty and imposed a loss of ninety days of earned credit time. He appealed unsuccessfully to the Superintendent and the final reviewing authority.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id*. This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

In ground one of his amended petition, Mr. Poling alleges that the DHB did not comply with provisions of the Indiana Constitution that provides "a right to a fair trial by [an] impartial jury in all criminal cases," that "excessive bail shall not be required [and] excessive fines shall not be imposed," that "Cruel and unusual punishment shall not be inflicted," and that "all penalties shall be proportioned to the nature of the offense." (Am. Pet. at 3-4). Prison

disciplinary hearings are civil, not criminal, proceedings. But, in any event, § 2254(a) provides that federal courts "shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions do not state a claim for habeas relief. *Kraushaar v. Flanigan,* 45 F.3d 1040 (7th Cir. 1995). Accordingly, even if the DHB violated provisions of Indiana's Constitution, the petitioner would state no claim upon which federal habeas corpus relief can be granted.

In ground three of his amended petition, the petitioner asserts that the DHB did not follow the Indiana Department of Correction's "own Rules and Regulations, and policies and procedures." (Am. Pet. at 5). But violations of prison disciplinary policies, such as those alleged by this petitioner, do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997). Accordingly, even if the DHB may not have followed procedures established by the Indiana Department of Correction, the petitioner again would state no claim upon which habeas corpus relief can be granted.

In ground two of his amended petition, Mr. Poling asserts that the DHB violated due process rights guaranteed by the United States Constitution when it "did not submit the requested evidence I asked for" and "would not let me have my witnesses present, etc." (Am. Pet. at 4). Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact

finder of evidence relied on and the reasons for the disciplinary action.  *Wolff v. McDonnell*, 418 U.S. 539 (1974).  The petitioner's claim that the DHB denied him the opportunity to present evidence and call witnesses states a claim upon which relief may be granted.

For the foregoing reasons, the court:

(1)  GRANTS the plaintiff leave to proceed on ground two of his amended petition for writ of habeas corpus, that the DHB denied him the opportunity to present evidence and call witnesses;

(2)  DISMISSES the claims presented in grounds one and three of his amended petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court; and

(3)  DIRECTS the clerk's office to ensure that a copy of this order is served on the respondent and the Indiana Attorney General along with the order to show cause.

SO ORDERED on September 4, 2007.

s/Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT COURT JUDGE  
HAMMOND DIVISION