**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| RONALD POLING,            )<br>                                       )<br>            Petitioner,      )<br>                                       )<br>   v.                              )<br>                                       )<br>WALTER E. MARTIN,    )<br>                                       )<br>            Respondent.  ) | CAUSE NO. 3:07-CV-129-TLS |

**OPINION AND ORDER**

Petitioner Ronald Poling submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time in a disciplinary hearing at the Miami Correctional Facility. On January 23, 2007, Correctional Officer Farnsworth caught the Petitioner defecating in the shower and wrote a conduct report against him for disorderly conduct for being "verbally aggressive" in statements he made to the officer and for disturbing the operation of the unit. On January 30,2007, a disciplinary hearing board ("DHB") found the Petitioner guilty and  imposed a loss of ninety days of earned credit time. He appealed unsuccessfully to the Superintendent and the final reviewing authority. The Respondent has filed a response to the order to show cause and the administrative record. The Petitioner has filed a traverse.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418

U.S. 539 (1974); and (5) "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

The Petitioner's petition contains three claims. The Court dismissed the claims presented in grounds one and three of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court and allowed the Petitioner leave to proceed on ground two of his petition for writ of habeas corpus, that the DHB denied him the opportunity to present evidence and call witnesses.

The Petitioner states in his traverse that he asked that the witness against him, the officer who prepared the conduct report, be present at the hearing so that he could confront and cross-examine the officer. The Petitioner argues that "the Constitution states you have a right to confront witnesses against you and all evidence against you. By the CAB not allowing this it violated my Constitutional rights." (DE 33-2 at 4.) But while persons charged with crimes have a right to confront and cross-examine their accusers, prisoners facing prison disciplinary charges do not. Although prisoners have a federally protected right to call exculpatory witnesses at prison disciplinary hearings, they do not have the right to confront or cross-examine their accusers. *Wolff*, 418 U.S. at 567. That the DHB did not require the author of the conduct report to attend the hearing in person did not violate the Petitioner's rights or deprive him of due process.

The Petitioner also asserts that he asked that the screening officer obtain a statement from an inmate named Starks to the effect that there were chemicals on the unit, and he asked the DHB to review the unit's logbook to determine when cleaning chemicals arrived on the unit. According to the Respondent, Starks refused to give a statement, but the DHB, as requested, did

review the "logbook copy." (DE 28-4). The Petitioner asserts that Starks did write a statement that he was in the bathroom when the Petitioner and Officer Farnsworth had their confrontation and that "there was chemicals present and I did give them to the offender . . . ." (Witness Statement 5, DE 28-8.).

The administrative record supports the claim that Starks refused to make a timely statement, (DE 28-4), but he apparently signed a statement on May 5, 2007, long after the hearing. The DHB reviewed the logbook, as requested by the Petitioner. But according to the DHB, the logbook "does not reflect chemical delivery." (DE 28-4).

It does not appear from the record that the DHB denied the Petitioner the right to present evidence supporting his theory of the case. Starks's statement was unavailable not because of any action by the DHB, but because he refused to make a timely statement. Moreover, even had Starks's statement been available to the DHB, it would not have been exculpatory evidence and would not have assisted the Petitioner. Starks's statement might support a defense against a charge that the Petitioner did not clean up the mess he made in the shower, but Officer Farnsworth did not charge the Petitioner with defecating in the shower or refusing to clean up the mess; he charged the Petitioner with disorderly conduct based on aggressive statements the Petitioner made to him. Starks's statement might be probative on the question of how quickly the mess the Petitioner made could be cleaned up, but it is irrelevant to the charge against him—that he made verbally aggressive statements to the officer.

The DHB chose to credit Officer Farnsworth's version of events and found the Petitioner guilty of making verbally aggressive statements to the officer and disrupting the unit by his conduct. Officer Farnsworth's statement is "some evidence" supporting the finding of guilt, and

3

federal courts do not second guess determinations of credibility by conducting an independent assessment of witness credibility or reweighing the evidence. *Hill*, 472 U.S. at 455–56.

For the foregoing reasons, the Court **DENIES** this petition.

SO ORDERED on July 14, 2008.

                                          s/ Theresa L. Springmann
                                         THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT
                                         FORT WAYNE DIVISION